IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

OLIVIA SALINAS,

    Plaintiff

v.	C.A. No.: 2:21-cv-81

ROSE MEDICAL MANAGEMENT, LLC,
D/B/A ROSE MEDICAL MANAGEMENT,
and J. KEITH ROSE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OLIVIA SALINAS, by and through her undersigned counsel, sues Defendants, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, and J. KEITH ROSE, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. § 1391.

4. Plaintiff, OLIVIA SALINAS, is an individual residing in Jim Wells County, Texas.

## BACKGROUND FACTS

5. From October of 2018, until March 25, 2021, Plaintiff, OLIVIA SALINAS, worked for Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, as a Medical Assistant at the hourly rate of $16.00 per hour.

6. Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, is a limited liability company formed and existing under the laws of the State of Texas and operates onsite occupational clinics, permanent occupational clinics, and medical risk management services to over 250 companies and municipalities in Texas, West Virginia, Pennsylvania, Michigan, North Dakota, Louisiana, and Florida. *See* https://www.roseonsite.com/our-team.html.

7. Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. Defendant, J. KEITH ROSE, is an individual residing in Nueces

County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, in relationship to Plaintiff.

10.  Defendant, J. KEITH ROSE, is an owner of Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT.

11.  Defendants, J. KEITH ROSE, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

12.  At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

13.  At all times material to this complaint, Defendant, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## UNPAID OVERTIME WAGES UNDER FLSA

14.  Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities.  Plaintiff was individually covered under the FLSA

through her regular and recurring receipt of interstate emails as a regular and recurring part of her job duties. Plaintiff's specific job duties included the medical care and drug testing of the employees of Defendants' clients, which included the regular and recurring receipt of drug test results via email from entities or persons from outside of the state.

15. At all times material to this complaint, Defendant, J. KEITH ROSE, owned and operated ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT in Nueces County, Texas, and Plaintiff's claims herein arose in Nueces County, Texas.

16. At all times material hereto, Defendant, J. KEITH ROSE, as an agent of ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendant, J. KEITH ROSE, is an "employer" as defined by 29 U.S.C. § 203(d).

17. Defendants treated Plaintiff as an independent contractor. However, at all times relevant to this Complaint, Plaintiff was an employee of the Defendants.

18. During Plaintiff's employment, Plaintiff worked in excess of 40 hours

per week on numerous weeks, but was not paid an overtime premium for hours worked in excess of 40. Plaintiff's typical schedule while employed by Defendants was from 6:00 a.m. until 4:00 p.m., Monday through Friday, and 6:00 a.m. until 8:00 a.m., Saturday.

19. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20. Defendants have willfully failed to pay Plaintiff overtime wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

21. As a result of Defendant's unlawful conduct, Plaintiff, OLIVIA SALINAS, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OLIVIA SALINAS, demands Judgment, jointly and severally, against Defendants, ROSE MEDICAL MANAGEMENT, LLC, D/B/A ROSE MEDICAL MANAGEMENT, AND J. KEITH ROSE, for the following:

a.  Unpaid overtime wages found to be due and owing;

b.  An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c.  Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, OLIVIA SALINAS, demands a jury trial on all issues so triable.

Respectfully submitted April 27, 2021.

ROSS • SCALISE LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701

(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
Attorneys for Plaintiff